# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51062
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUNIOR SPENCER MORRIS, also known as Texas Black,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-292-11

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Junior Spencer Morris appeals from the five-year sentence of imprisonment imposed following his third revocation of supervised release. He contends that the district court's revocation sentence was procedurally and substantively unreasonable because it was inadequately explained and ignored or incorrectly weighed the relevant factors. Because he did not object to the sentence, we review for plain error. *United States v. Whitelaw*, 580 F.3d 256,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51062

259-60 (5th Cir. 2009).  To prevail on plain-error review, a defendant must show a clear or obvious error that affected his or her substantial rights.  *See id.* at 260.  "If the defendant makes such a showing, "this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Morris has not made the required showing.  Here, the record reflects the district court's consideration of the statements of Morris and his counsel, the nature and circumstances of Morris's violation of the conditions of his supervised release, his violent criminal history, his prior revocations, and the need to protect the public.  The district court was not required to "engage in a checklist recitation" of sentencing factors, and Morris fails to demonstrate any clear or obvious procedural error.  *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012) (internal quotation marks and citation omitted).  Likewise, we have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also Kippers*, 685 F.3d at 500-01.  Morris's mere disagreement with the district court's balancing of the sentencing factors and the sentence it imposed is insufficient to establish clear or obvious substantive error warranting reversal.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.